### In the Matter of William REMENTER, Brenda Rementer, Debtors.

### Bankruptcy No. 84–378.

United States Bankruptcy Court,
D. Delaware.

Feb. 26, 1986.

Benjamin F. Shaw, III, Georgetown, Del., for debtors.

Michael B. Joseph, Wilmington, Del., Chapter 7 trustee.

Thomas D. Runnels, Newark, Del., Chapter 13 trustee.

## MEMORANDUM OPINION
## AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

William and Brenda Rementer filed a Chapter 7 petition on October 25, 1984. They were granted a discharge from debts on February 28, 1985. This discharge relieved them of liability for dischargeable debts in return for the relinquishment of their non-exempt assets for distribution among their creditors. When the Trustee attempted to sell real estate in which William Rementer owned a one-half interest to accomplish distribution, the Rementers converted their Chapter 7 case to a Chapter 13 case on July 24, 1985. 11 U.S.C. § 706(a).

The purpose of a Chapter 13 case is to permit debtors to preserve assets by proposing a plan that provides for payment of debts either in full or in part from future income over an extended period of time. When payments under the plan are completed, the debtors receive a broader discharge than the one received in a Chapter 7 case.

Following conversion, the Rementers did not comply with any of the provisions of Chapter 13. On November 18, 1985, the Chapter 13 Trustee filed a motion to dismiss on the ground that their non-compliance was an unreasonable delay prejudicial to creditors. 11 U.S.C. § 1307(c)(1). The Rementers were not present at hearing on the Trustee's motion when the court denied the motion and reconverted the case to a Chapter 7. Attached is a copy of the order entered January 6, 1986.

The Rementers moved for reconsideration of the reconversion order contending the court is prohibited from converting the Chapter 13 case to a Chapter 7 absent Rementers' consent since they are farmers.

Section 1307(e) of title 11 U.S.C. provides:

> The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer, unless the debtor requests such conversion.

This section reinforces and works in conjunction with § 303(a) which proscribes involuntary relief of any kind against a farmer. These sections do not, however, act as a bar to farmers being voluntary debtors under Chapter 7. A farmer is not jurisdictionally barred from being a debtor under Chapter 7 as is a railroad, a domestic bank, a foreign insurance company and others. 11 U.S.C. § 109(b). In enacting these provisions, Congress sought to establish a protective device which would prevent farmers from being thrown into involuntary bankruptcies when, because of the cyclical nature of farming, they were temporarily unable to pay their creditors. Thus, the purpose of § 1307(e) is to proscribe involuntary Chapter 7 bankruptcies.

The January 6 order does not cause an involuntary conversion from a Chapter 13 case. It is a reconversion to a voluntarily commenced Chapter 7 case. Having commenced their case as a Chapter 7, the Rementers are deemed to have consented to Chapter 7 relief. Section 1307(e) is therefore not applicable to a case that was originally commenced as a Chapter 7.

If the Rementers had originally filed a Chapter 13 case, they would be entitled, as a matter of right, to a dismissal of that case at any time. 11 U.S.C. § 1307(b). However, debtors do not have an absolute right to a dismissal if the case was converted to a Chapter 13 from either Chapter 7 or 11. 11 U.S.C. § 1307(b). Consequently, § 1307(c) becomes applicable. Following notice and hearing, it is within the court's discretion to dismiss or convert to a Chapter 7 based upon the best interests of creditors and the estate test.

The Rementers have received a discharge which relieves them of liability for all discharged debts. By converting to a "13" they avoided the consequences of a distribution of their non-exempt assets to creditors in accordance with the provisions of Chapter 7. By their failure to comply with the provisions of Chapter 13, they will succeed in thwarting the policy of the bank-

ruptcy code if a dismissal is granted. It would be unjust and inequitable to allow the Rementers to receive the protection and benefits that the law provides and then permit them to avoid the obligations that the law imposes. It would be in the best interests of creditors and the estate that the case proceed as originally filed.

Therefore, the Rementers' motion to reconsider the January 6, 1986, order is DENIED.

IT IS SO ORDERED.

### ORDER

AND NOW, January 6, 1986, following hearing on the Trustee's motion to dismiss held December 23, 1985, the court finds that:

1. Debtors converted their Chapter 7 case filed October 25, 1984 to a Chapter 13 case on July 24, 1985. 11 U.S.C. § 706(a).

2. The conversion was subsequent to the Chapter 7 Trustee's initiation of an adversary proceeding to sell real property in Sussex County, Delaware, titled in the names of William Rementer and Ressie Rementer, his mother, free and clear of the 50% interest of Ressie Rementer with the interest to attach to the proceeds.

3. Following conversion, debtors failed to file a plan as required under 11 U.S.C. § 1321 and BR 3015.

4. Debtors' failure to prosecute their case has resulted in unreasonable delay that is prejudicial to creditors.

5. Reconversion for continuation of the Chapter 7 case, rather than dismissal, would be in the best interests of creditors and the estate; and

IT IS ORDERED that the Chapter 13 case of William Rementer and Brenda Rementer is reconverted to a Chapter 7 case. 11 U.S.C. § 1307(c)(1) and (3).

/s/ Helen S. Balick
JUDGE